[No. A064735. First Dist., Div. One. Sept. 26, 1994.]

SHAUN CARBERRY, Plaintiff and Appellant, v.
STATE BOARD OF ACCOUNTANCY, Defendant and Respondent.

COUNSEL

Shaun Carberry, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, John M. Huntington, Assistant Attorney General, and Wilbert E. Bennett, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**DOSSEE, J.**—In this action for declaratory relief plaintiff sought a declaration that he is entitled to advertise his business as an "accounting" service even though he is not a certified public accountant. The State Board of Accountancy successfully demurred to the complaint, and the action was dismissed. Plaintiff appeals.

### FACTS

Plaintiff is not a certified public accountant. He has completed all the eligibility requirements except for the two-year work experience requirement, but he has deliberately chosen not to fulfill that requirement. Plaintiff is an enrolled agent, admitted to practice before the Internal Revenue Service. He operates a sole proprietorship accounting and tax preparation service in San Francisco under the name "Citizens Accounting & Tax Service."

In March 1993 the Board of Accountancy, the state agency empowered to license certified public accountants, ordered plaintiff either to cease using the term "accounting" in his business name or to add a disclaimer that plaintiff is not licensed by the state. After an exchange of correspondence with the board, plaintiff filed this lawsuit seeking a declaration of his First Amendment right to use the word "accounting" in his business name.

### DISCUSSION

Business and Professions Code section 5058 provides that no person may hold himself out as a certified public accountant unless licensed by the Board of Accountancy. The board's regulation 2 (Cal. Code Regs., tit. 16, § 2) declares the following designations likely to be confused with the title of certified public accountant: "accountant," "auditor," "accounting," or "auditing."

In *Moore* v. *California State Bd. of Accountancy* (1992) 2 Cal.4th 999 [9 Cal.Rptr.2d 358, 831 P.2d 798], certiorari denied (1993) __ U.S. __ [122 L.Ed.2d 742, 113 S.Ct. 1364], the Supreme Court rejected the constitutional argument raised by plaintiff here. The court held that although the terms "accounting" or "accountant" may not constitutionally be enjoined if they are accompanied by an explanatory disclaimer, the use of such terms without a modifier is potentially misleading commercial speech and may be banned to prevent deception of the public. The court explained that a disclaimer might, for instance, state that the advertiser is not licensed by the state or that the services offered do not require a state license. (2 Cal.4th at pp. 1023-1024.)

We are bound by principles of stare decisis to follow the holding of that case. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) In accordance with *Moore*, then, we must conclude as a matter of law that the board may constitutionally prohibit plaintiff from using the term "accounting" unless he includes additional language qualifying the term.

Plaintiff contends that because his business name, "Citizens Accounting & Tax Service," is always accompanied by his name and designation, "Shaun Carberry, EA" (meaning "enrolled agent"), he has provided an adequate modifier pursuant to *Moore*. We cannot agree.

The disclaimer needed to permit the use of the term "accounting" by an unlicensed person is one that serves "to dispel any possibility of confusion." (*Moore* v. *California State Bd. of Accountancy, supra*, 2 Cal.4th at p. 1024.) The mere insertion of the designation "EA" does not adequately eliminate potential confusion from the term "accounting." It does not alert the consuming public that the advertiser is not a licensed accountant.

Plaintiff seeks to exempt himself from regulation 2 and the *Moore* decision by virtue of his status as an enrolled agent. Plaintiff reasons that because enrolled agents are regulated by the Treasury Department and because the Treasury Department regulations govern advertising, the board is without authority to impose its own advertising restrictions on plaintiff.

The argument is unsound. ■ The preemption doctrine, upon which plaintiff relies, was explained by the United States Supreme Court as follows: "Federal law may supersede state law in several different ways. First, when acting within constitutional limits, Congress is empowered to pre-empt state law by so stating in express terms. . . . Second, congressional intent to pre-empt state law in a particular area may be inferred where

the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation. . . . [¶] As a third alternative, in those areas where Congress has not completely displaced state regulation, federal law may nonetheless pre-empt state law to the extent it actually conflicts with federal law." (*California Federal S. & L. Assn.* v. *Guerra* (1987) 479 U.S. 272, 280-281 [93 L.Ed.2d 613, 623, 107 S.Ct. 683], citations omitted.)

Although Congress has granted to the Secretary of the Treasury broad authority to regulate the practice of persons appearing before the Treasury Department (31 U.S.C. § 330), the statute contains no expression of congressional intent to preempt state law. Nor is there anything in the regulations issued by the secretary governing the qualifications and conduct of enrolled agents or other persons representing clients before the Internal Revenue Service (31 C.F.R. § 10.0 et seq. (1993).) to preclude supplementary state regulation.

The regulations do include one pertaining to advertising.[1] Yet, there is no suggestion that this regulation was intended to be the exclusive restriction on advertising by enrolled agents. Indeed, on its face the regulation is confined to "any Internal Revenue Service matter." We see nothing to preclude a state restriction on the use of the term "accounting" in a business name so as to prevent confusion of the public. The fact that the federal regulation permits an enrolled agent to use the designation "EA" in no way suggests that such designation is sufficient to prevent confusion over the term "accounting."

Finally, the state regulatory scheme does not conflict with the federal regulations. There is nothing in the state board's restriction on the use of the term "accounting" in a business name that interferes with the Treasury Secretary's governance of enrolled agents. Enrolled agents remain free to perform all necessary activities in their practice before the Internal Revenue

---

[1]The regulation provides: "(a) *Advertising and solicitation restrictions.* (1) No attorney, certified public accountant, enrolled agent, enrolled actuary, or other individual eligible to practice before the Internal Revenue Service shall, with respect to any Internal Revenue Service matter, in any way use or participate in the use of any form of public communication containing (i) A false, fraudulent, unduly influencing, coercive, or unfair statement or claim; or (ii) a misleading or deceptive statement or claim. [¶] Enrolled agents, in describing their professional designation, may not utilize the term of art 'certified' or indicate an employer/employee relationship with the Internal Revenue Service. Examples of acceptable descriptions are 'enrolled to represent tax payers before the Internal Revenue Service,' 'enrolled to practice before the Internal Revenue Service,' and 'admitted to practice before the Internal Revenue Service.' Enrolled agents and enrolled actuaries may abbreviate such designation to either EA or E.A." (31 C.F.R. § 10.30(a)(1) (1993).)

Service, even accounting services, and they remain free to advertise their services. What they cannot do is hold themselves out to the public as certified public accountants when in fact they are unlicensed by the state.

The judgment is affirmed.

Strankman, P. J., and Newsom, J., concurred.