REQUESTED BY: Annette Harmon, Board of Public Accountancy
You have inquired about the use of the term CPA or phrases the Board believes to imply CPA certification. Specifically, you have asked whether an individual who has passed the Uniform CPA Examination and who has been issued a certificate under Neb. Rev. Stat. § 1-114 or § 1-124 may use the following terms or phrases:
1. "CPA" or "Certified Public Accountant",
2. "CPA certificate holder" or "Certified Public Accountant certificate holder",
3. "CPA Registrant",
4. "registered as a CPA certificate holder",
 5. "passed CPA examination" or "successful completion of the CPA examination" or any other phrase indicated he/she has passed the CPA exam,
 6. "member of the Nebraska Society of CPAs (or Nebraska Society of Certified Public Accountants) (or NSCPA)",
 7. "member of the American Institute of CPAs (or American Institute of Certified Public Accountants) (or AICPA)".
Under the Nebraska Public Accountancy Act, Neb. Rev. Stat. §§1-105 to 1-171 (1997 and Supp. 1999), a certificate of certified public accountant is issued by the Board to someone who has passed the uniform CPA examination. In order to obtain a permit to engage in the practice of public accountancy in Nebraska, a person must hold the certificate of Certified Public Accountant and have met certain statutory experience requirements. Therefore, there are certain individuals who have passed the examination and who have received a certificate of Certified Public Accountant pursuant to Neb. Rev. Stat. § 1-114, but who are not actively engaged in the practice of public accountancy.
Neb. Rev. Stat. § 1-122 (1) provides that a person "who has been issued a certificate as a Certified Public Accountant and who holds a permit under subdivision (1)(a) of § 1-136 . . . and any person who is classified as inactive under § 1-136, shall be styled and known as a Certified Public Accountant and may also use the abbreviation CPA."
Neb. Rev. Stat. § 1-151 provides that only a person who is classified as inactive or who has been issued a certificate and holds a permit may "assume or use the title or designation certified public accountant or the abbreviation CPA or any other title, designation, words, letters, abbreviation, sign, card, or device tending to indicate that such person is a Certified Public Accountant . . . ."
Finally, Neb. Rev. Stat. § 1-155(1) provides as follows:
 No person, partnership, or limited liability company shall assume or use the title or designation certified accountant, chartered accountant, enrolled accountant, licensed accountant, or registered accountant or any other title or designation likely to be confused with certified public accountant or public accountant or any of the abbreviations C.A., P.A., E.A., R.A., or L.A., other similar abbreviations likely to be confused with CPA.
In prior informal correspondence with the Board, we have concluded that, although the statutes in question are not entirely clear, one cannot use the CPA designation until one has obtained a certificate of certified public accountant, the requisite work experience, and either a permit to practice or classification as inactive. In our view, this represents a reasonable interpretation of the pertinent statutes. Therefore, an individual who holds only a certificate may not use the term CPA, the first term about which you have inquired.
As to the remainder of the terms and phrases which you have listed in your inquiry, our research has revealed no Nebraska cases which discuss the use of such terms. We have reviewed a number of cases from other jurisdictions in which the courts considered the use of the terms "accountant", "accounting" and "public accounting." These cases may be of some assistance in answering your questions.
Action by the Board in prohibiting the use of the listed titles and designations may face a challenge based on the First Amendment. It is well-established that commercial speech is subject to the protection of the First Amendment's "free speech" clause. Virginia State Bd. of Pharmacy v. Virginia CitizensConsumer Council, Inc., 96 S.Ct. 1817 (1976). Only false, deceptive or misleading commercial speech may be completely banned. Other commercial speech may be restricted, "but only if the state shows that the restriction directly and materially advances a substantial state interest in a manner no more extensive than necessary to serve that interest." Ibanez v.Florida Dep't Business Prof. Reg., Bd. of Accountancy,114 S.Ct. 2084, 2088 (1994). The governmental body seeking to uphold a restriction on commercial speech has the burden of justifying the restriction and must support its assertions of potential or actual harm by factual evidence rather than speculation or hypothetical examples.
In certain cases the courts have found advertising to be inherently or potentially misleading and thus not entitled to First Amendment protection. One such case is Carberry v. StateBoard of Accountancy, 33 Cal.Rptr.2d 788 (Cal.App. 1 Dist. 1994). In Carberry, the California Court of Appeals held that a business owner (who was not a certified public accountant) could not use the word "accounting" in his business name without a disclaimer qualifying the term. The Court further stated that the disclaimer must be one that serves "to dispel any possibility of confusion." Id. at 790. The Court concluded that the title "Citizens Accounting And Tax Service" followed by the individual's name and the designation "EA" (or enrolled agent) was not sufficient to inform the public that the person was not a CPA.
In Accountant's Soc. of Virginia v. Bowman, 860 F.2d 602 (4th Cir. 1988), the Fourth Circuit Court of Appeals upheld the state's prohibition against non-CPAs using titles such as public accountant, certified accountant and registered accountant, finding that these terms were inherently misleading because of their similarity to the certified public accountant designation.
However, there are a number of cases in which a First Amendment violation was found. In Comprehensive AccountingService Company, the Maryland Court of Appeals held that the state had a right to regulate the use of words such as "certified public accountant", but that the state violated the First Amendment in banning the use of certain words rather than choosing narrower restrictions such as the use of an explanatory disclaimer. Therefore, the Court found that a total ban on the use of the term "accountant" violated the First Amendment.
In Ibanez, the United States Supreme Court held that an order of the Florida Board of Accountancy which reprimanded the petitioner for referring to her credentials as a CPA and a CFP (certified financial planner) in her advertising violated the petitioner's constitutional rights. The Florida Board conceded that her use of the designations was truthful but asserted that the use of the CPA designation was misleading because the petitioner was engaged in the practice of law and acting as though she was not subject to the jurisdiction of the Board of Accountancy. The United States Supreme Court found that consumers would not be misled by her truthful representation that she holds an active CPA license. With regard to the petitioner's use of the CFP designation, the Board asserted that the use of the words certified financial planner would mislead the public into believing that the petitioner had received state recognition as a CFP. However, the Court found that, given the absence of any evidence of actual deception, the Board's concern was not sufficient to justify the prohibition.
In Miller v. Stuart, 117 F.3d 1376 (11th Cir. 1997), cert.denied 118 S.Ct. 852, the Eleventh Circuit Court of Appeals reviewed the state of Florida's prohibition against holding out as a CPA while employed at a non-CPA firm. The Court found that Miller's use of the CPA designation was not inherently misleading and that the Board could not prevent Miller from holding himself out as a CPA while performing accounting and tax services at American Express.
Finally, a relevant case involving a lawyer is Peel v. Atty.Registration and Disciplinary Commission of Illinois,110 S.Ct. 2281 (1990). The petitioner was censured for using a letterhead indicating his certification as a trial specialist by the National Board of Trial Advocacy, a private organization. The United States Supreme Court found that the lawyer had a constitutional right to advertise his certification as a trial specialist by this organization, noting that the facts stated on his letterhead were true and verifiable and that the use of the certification on his letterhead was not actually misleading. Therefore, under standards applicable to commercial speech, the state could not completely ban such a statement.
These cases, along with a review of the pertinent Nebraska statutes, suggest that the Board must exercise its judgment in applying the statutes to each title or designation and must examine the use of each term in context. The question of whether a particular title or designation is inherently misleading, so as to justify a total prohibition of its use, is largely factual. As set forth by the Nebraska statutes, one must examine whether the title or designation in question tends to indicate that the person is a certified public accountant or is likely to be confused with the term certified public accountant. In our view, a court may find that a statement indicating that an individual has passed the CPA examination or is a member of a non-governmental organization which includes CPA in its name does not necessarily tend to indicate that such a person is a CPA. Therefore, the constitutionality of a total ban on those statements is questionable. A statement that an individual is a CPA registrant or CPA certificate holder would be more likely to be confusing to the public and it is more likely that a court would uphold the prohibition on the use of those terms by someone who is not qualified to engage in the practice of public accountancy. To the extent the Board has anecdotal evidence or studies to demonstrate that the use of any of these terms is deceptive or confusing to the public, a prohibition on the use of the terms is more likely to be upheld by a court.
Sincerely,
DON STENBERG
Attorney General
Lynn A. Melson
Assistant Attorney General
Approved:
__________________________________
Attorney General
09-94-11